IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

George J. Smith,

      Plaintiff,

    v.                                 Case No. 2:10–cv–58

Commissioner of Social                    Judge Michael H. Watson
Security,

      Defendant.

## OPINION AND ORDER

      This social security disability case is before the Court to consider *de novo*
plaintiff's objections to a Report and Recommendation of the Magistrate Judge
recommending that judgment be entered in favor of the defendant Commissioner.  The
Commissioner has responded to the objections.  For the following reasons, those
objections will be overruled and judgment will be entered for the defendant.

I.

      The basic facts of this case, including the plaintiff's testimony at the
administrative hearing, the medical records, and the testimony of a vocational expert,
are accurately summarized in the Report and Recommendation, and the objections do
not take issue with that summary.  Briefly, at the time of the administrative hearing,
plaintiff was a forty-five-year-old man who had a tenth grade education and a work
background as a laborer.  He fell from a truck in 2004 and suffered a back injury, which
ultimately led to back surgery in 2006.  Medical records showed that he developed
some narcotic dependence following his surgery and that he was somewhat non-

compliant with treatment recommendations. Several doctors believed he could perform at least sedentary work. The vocational expert was asked to evaluate the work ability of someone with plaintiff's educational and work background who could perform a limited range of light work, and concluded that such a person, even if restricted to simple, routine, repetitive tasks performed in a low stress environment, could still be gainfully employed. The Administrative Law Judge found that plaintiff could do only sedentary jobs, but adopted the vocational expert's conclusion that jobs such as sorter and inspector were still available to plaintiff. Benefits were denied for that reason.

II.

In his objections, plaintiff raises the following issues. First, he argues that the Commissioner erred in not calling a medical expert to testify at the administrative hearing, a contention rejected by the Magistrate Judge. Second, he contends that his subjective allegations of disabling pain should have been accepted by the ALJ. Finally, he argues that new medical evidence about both his physical and psychological conditions is sufficiently related to his condition prior to his last insured date (September 30, 2008) that a sentence six remand is required.

In response, the Commissioner relies in part on the arguments made in his original memorandum in opposition, because the issues raised by plaintiff in his objections are the same issues he raised in his statement of errors. Briefly, the Commissioner points out that no medical witness was needed because the record adequately addressed the significant medical issues, including whether plaintiff's impairment met or equaled a listed impairment; that the ALJ had adequate reasons for discounting plaintiff's subjective complaints of pain; and that none of the newly-offered

evidence would have affected the determination that plaintiff was not disabled prior to September 30, 2008.

III.

Taking plaintiff's objections in the order in which they have been presented, the Court concludes, first, that the Magistrate Judge correctly concluded that no medical expert was needed.  This is a decision left to the discretion of the ALJ, and it forms the basis for reversal or remand only when the record is not sufficiently clear for the ALJ to be able to make the necessary medical decisions.  There are certain situations where the ALJ simply cannot properly interpret the evidence, such as cases where the claimant has been found to be disabled but the "record is ambiguous as to the onset date of disability," and in those situations the use of a medical expert may well be mandatory. *See Armstrong v. Commissioner*, 160 F.3d 587, 590 (9th Cir. 1998). Otherwise, the decision is left to the ALJ's discretion. *See Madis v. Massanari*, 277 F.3d 1372, *1 (5th Cir. 2001) ("Although an ALJ may ask for the opinion of a medical expert at a hearing, it is not mandatory").

Here, the Court cannot conclude that the ALJ abused this discretion.  Plaintiff argues that there was enough evidence in the record to support an argument that his impairment satisfied the Listing of Impairments.  However, as the Commissioner's response points out, two state agency reviewing physicians did not believe that to be the case.  The ALJ was entitled to rely on their assessment of the evidence, and did not need to retain the services of a medical witness to address the same issue.  Further, the ALJ did not attempt to answer this medical question without reference to medical evidence.  Under these circumstances, the Court finds no merit in plaintiff's first

objection.

## IV.

Plaintiff's second objection relates to the way in which his subjective complaints of pain were analyzed. Essentially, he argues that the ALJ was required to accept them at face value. However, that is not the case.

In *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994), the Court of Appeals reaffirmed the principle that "[i]t is for the Secretary, not a reviewing court, to make credibility findings." The court also noted, however, that there is an obligation on the ALJ's part to explain credibility findings, and that this explanation provides the basis for the Court's review of such findings. In *Felisky*, the adverse credibility determination was reversed because the five reasons given by the ALJ for rejecting the claimant's report of debilitating pain, taken together, simply did not support a decision that she was not credible when describing her symptoms. *Felisky*, in turn, cited both to *Duncan v. Secretary of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986) and 20 C.F.R. § 404.1529(a) as standing for the proposition that the failure of the medical evidence specifically to demonstrate the level of pain reported by a claimant is not, in and of itself, a good enough reason to disbelieve the claimant.

Here, most of plaintiff's argument about the severity of his pain, and the corresponding medical evidence supporting conditions reasonably expected to cause such pain, focuses on evidence which was not before the ALJ. That argument may be relevant to the question of a sentence six remand, but it has nothing to do with whether the ALJ made a proper credibility finding based on the evidence of record. In fact, it would be improper for the Court to consider such evidence outside of the context of a

request for a sentence six remand.  *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir.

1993) ("The court is confined to review evidence that was available to the Secretary,

and to determine whether the decision of the Secretary is supported by substantial

evidence. Where a party presents new evidence on appeal, this court can remand for

further consideration of the evidence only where the party seeking remand shows that

the new evidence is material.").

      If this new evidence is not considered, the Court finds no error in the way in

which the ALJ evaluated plaintiff's credibility.  The ALJ pointed to evidence from various

medical sources that plaintiff could do a reduced level of light work and that he often

reported symptoms out of proportion with the medical findings.  Further, as the Report

and Recommendation notes, the ALJ did not reject plaintiff's testimony altogether, but

used his testimony to find that he could not work above the sedentary level even though

some doctors did not think he was that limited.  Given the record before the ALJ, this

determination was a reasonable one, and under the "substantial evidence" standard of

review, see 42 U.S.C. §405(g); *Casey v. Secretary of Health and Human Servs.*, 987

F.2d 1230, 1233 (6th Cir. 1993), such a determination must be affirmed.

      Finally, plaintiff re-asserts a claim for a sentence six remand based on new and

material evidence.  He does not dispute that the Report and Recommendation identified

the proper legal standard to be used — which, as explained in *Cotton v. Sullivan, supra*,

is that "this court can remand for further consideration of the evidence only where the

party seeking remand shows that the new evidence is material" — but disagrees with

the way in which that standard was applied to the new evidence which he has proffered.

      Plaintiff identifies six medical records which are clearly "new" because they did

not exist at the time of the administrative hearing.  They are listed and described at pages 8-9 of his objections.  One is a report from a psychiatrist about a psychological impairment, major depression, and is dated almost eighteen months after the expiration of plaintiff's insured status.  The other five relate to his physical condition, and, in particular, the status of his lumbar fusion and a new diagnosis of pseudoarthritis and chronic pain syndrome.  Plaintiff argues that many, if not all, of these conditions must have been present to some degree prior to September 30, 2008.

For new evidence to be material, it must be reasonably likely to have influenced the administrative decision had it been available and been taken into account by the ALJ.  *See Steingraber v. Secretary of Health and Human Servs.*, 762 F.2d 1011 (6th Cir. 1985), *citing Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981).  As the Commissioner points out in his response to plaintiff's objections, none of the new evidence suggests an onset date of disabling symptoms prior to September 30, 2008.  Further, the evidence which the ALJ relied on post-dated plaintiff's spinal fusion and indicated improvement after surgery to the point where plaintiff could do light, or at least sedentary, work.  There does not appear to be any reasonable possibility that this new evidence, even had the ALJ had the benefit of it before making a decision, would have altered the ALJ's findings.  Thus, the Court agrees that there is no basis for a sentence six remand.

## V.

For these reasons, plaintiff's objections (ECF 23) to the Report and Recommendation of the Magistrate Judge (ECF 20) are **OVERRULED**, and the Report and Recommendation is **ADOPTED**.  The plaintiff's statement of errors (ECF 14) is

**OVERRULED**, the decision of the Commissioner is **AFFIRMED**, and the Clerk is

directed to enter judgment in favor of the defendant.

     **IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**